# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2228 | **DATE** | 1/12/2004 |
| **CASE TITLE** | | Fontalvo vs. Chgo Laborer's Train | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion, the Court hereby grants defendant's motion for summary judgment [26-1] and denies plaintiff's motion for leave to join additional defendants [22-1]. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JAN 1 3 2004 | | |
| ✓ | Docketing to mail notices. | | date docketed | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| MW | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HECTOR FONTALVO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00 C 2228 |
| | ) | |
| CONSTRUCTION AND GENERAL | ) | |
| LABORERS' DISTRICT COUNCIL OF | ) | |
| CHICAGO AND VICINITY JOINT | ) | |
| APPRENTICESHIP AND TRAINING | ) | |
| TRUST FUND, et al., | ) | |
| | ) | |
| Defendants. | ) | |



DOCKETED

JAN 1 3 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Construction and General

Laborers' District and Vicinity Join Apprenticeship and Training Trust Fund's ("Fund") motion

for summary judgment and on Plaintiff Hector Fontalvo's ("Fontalvo") motion for leave to join

additional defendants. For the reasons stated below we grant the motion for summary judgment

and deny the motion to join additional defendants as moot.

## BACKGROUND

Defendant Fund operates a training center in Carol Stream, Illinois ("Training Center").

At the Training Center laborer journey workers and apprentices employed by employers that have

contracts with the labor union are trained to better use their skills as construction workers, teach

1

them about safety on the worksite, and assist the workers in obtaining necessary certifications. In April of 1999, Fontalvo participated in a welding course at the Training Center. Fontalvo claims that his instructor, John Retondo ("Retondo"), made a remark about Mexico which Fontalvo, who has a Hispanic heritage, regarded as an ethnic slur. Specifically Retondo allegedly commented on Fontalvo's work and told him: "you can take that to Mexico and sell it for some pesos out there." A Month later in May of 1999, Fontalvo took another class at the training center which was taught by Retondo. Fontalvo and Retondo got in an argument during class on the first day regarding Fontalvo's paperwork. A day or so later Fontalvo went to see Anthony Solano ("Solano"), the fund administrator, and told him of the incidents with Retondo. Solano spoke with Retondo and asked Retondo to work out the problem. Retondo apologized to Fontalvo and Fontalvo finished the class without any further incidents. Several months later Fontalvo filed a charge of discrimination with the Equal Employment Opportunity Commission, claiming that he suffered racial harassment at the Training Center. Fontalvo contends that he was employed by the Fund at the Training Center because he took classes at the Training Center and he claims that he was constructively discharged by the Fund in May of 1999 after the second class with Retondo. Fontalvo contends that he cannot continue to take classes at the Training Center because of the emotional distress and humiliation that he suffers from the alleged racial harassment by Retondo. Fontalvo has filed a two count complaint in the instant action alleging unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and intentional infliction of emotional distress.

2

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

On September 22, 2003, we set the briefing schedule for the instant motion. We did so orally and by minute order. Fontalvo was given until December 5, 2003 to respond to Defendant's motion for summary judgment. No responsive brief has been filed to the motion for summary judgment and no response to Defendant's Rule 56.1 statement of material facts has been filed. The briefs are currently over a month past due. Pursuant to Local Rule 56.1, when a party files a motion for summary judgment each party must prepare a statement of material facts and each party is required to respond to the opposing party's statement of material facts and either admit or deny each fact. A denial is improper if the denial is not accompanied by specific references to admissible evidence or at least evidence that represents admissible evidence. Local Rule 56.1; *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003); *Malec v. Sanford*, 191 F.R.D. 581, 584-85 (N.D. Ill. 2000). Pursuant to Rule 56.1 any facts included in a party's statement of facts that are not properly denied by the opposing party are deemed to be admitted. Local Rule 56.1; *Dent*, 2003 WL 22025008, at *1 n.1. Therefore, since Fontalvo has failed to respond to Defendant's 56.1 statement of material facts, all of the facts therein are deemed to be admitted.

### I. Title VII Employment Discrimination Claim

Title VII states that is an unlawful employment practice for "an employer" to "discharge an individual[] or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges *of employment* because of [his] race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e-2(a)(emphasis added). Fontalvo's claim

4

fails because the undisputed facts indicate that Fontalvo was not employed by the Fund. Fontalvo apparently thought that he could consider the Fund as his employer and sue under Title VII because the students at the Training Center receive a daily stipend to reimburse them for expenses incurred in coming to the Training Center. (SF 10). Fontalvo claims that someone told him that he was employed by the fund. (SF 10). However, pursuant to Local Rule 56.1 Fontalvo admits that in 1999 the Fund did not operate an apprenticeship program. (SF 10). He also admits that it was an unnamed person at a Local Union that told him that he was employed by the Fund and no Fund personnel told Fontalvo that he was employed by the Fund. (SF 10). Fontalvo also admits that he was employed at several companies between June 1998 and May 1999. (SF 9). Fontalvo also expressly admits pursuant to Local Rule 56.1 that "[s]tudents at the Training Center are not "employed" by the Fund. . . ." (SF 7). Thus, Fontalvo presents no evidence to show that he was employed by the fund and admits that he was not employed by the Fund. Since the Fund was not the employer of Fontalvo, Fontalvo cannot bring his Title VII claim against the Fund and the Fund could not constructively discharge Fontalvo because it never employed Fontalvo to begin with.

Even if Fontalvo could show that he was employed by the Fund, his claim fails. Fontalvo claims that because of the emotional distress and humiliation he suffered from the alleged harassment by Retondo he could no longer participate in the classes at the Training Center. Under Title VII an employer is prohibited from maintaining a workplace that is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)(citations omitted)(quoting *Meritor Savings Bank,*

*FSB v. Vinson*, 477 U.S. 57, 65-67 (1986)). Factors considered in determining whether there is a hostile work environment include: 1) the "frequency of discriminatory conduct," 2) "its severity," 3) whether conduct is "physically threatening or humiliating" or merely offensive, 4) whether conduct "unreasonably interferes with [the plaintiff's] work performance," and 5) the "social context in which events occurred." *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 463 (7th Cir. 2002). In order to establish a constructive discharge an employee must show that her "working conditions were so intolerable that a reasonable person would have been compelled to resign." *Simpson v. Borg-Warner Automotive, Inc.*, 196 F.3d 873, 877 (7th Cir. 1999)(quoting *Rabinovitz v. Pena*, 89 F.3d 482, 489 (7th Cir. 1996)). For a constructive discharge the working conditions must be even worse than are necessary to constitute a hostile work environment because in a hostile work environment the "employee is expected to remain employed while seeking redress." *Tutman v. WBBM-TV, Inc.*, 209 F.3d 1044, 1050 (7th Cir. 2000)(quoting *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 886 (7th Cir. 1998)).

Fontalvo only alleges two altercations between himself and Retondo. Thus, the alleged harassment was not frequent. After the second incident on the first day of class Fontalvo admits that there were no other altercations between him and Retondo for the remainder of the class. It was not as though each day he came in to the Training Center for class he faced harassment by Retondo. The comment in the first incident and the altercation in the second incident were not particularly severe. There was no physical threats or contact involved and the classes were both successfully completed by Fontalvo. Also, any embarrassment or bad feelings would have been somewhat alleviated by the fact that Retondo apologized to Fontalvo after the second incident and gave Fontalvo a cigar as a peace offering after the first incident. Also, there is no indication

6

that the second incident was in any way related to Fontalvo's national origin. It was simply a disagreement between a student and teacher about paperwork. Perhaps there are bad feelings between Fontalvo and Retondo but that is insufficient to support a Title VII racial harassment claim. It is not reasonable to conclude that the alleged altercations affected Retondo's performance in the classes.

Finally, Retondo claims that he was constructively discharged by the Training Center. He states that he cannot attend classes at the Training Center anymore "until this matter comes to rest." That is his choice. However, based on the evidence, the conditions are clearly not so intolerable that a reasonable person would be unable to continue to attend classes. We note also that there is no indication that Retondo taught all the classes at the Training Center and thus Retondo offers no explanation at all as to why he cannot continue to take courses before other instructors. Thus, Fontalvo has clearly failed to show that a reasonable jury could find in his favor on his racial harassment and constructive discharge claims and summary judgment in favor of Defendant is warranted on the claims.


II. Intentional Infliction of Emotional Distress Claim

To succeed on an intentional infliction of emotional distress claim a plaintiff must show that: 1) the defendant's conduct was "extreme and outrageous," 2) the defendant intended or "knew there was a high probability that his conduct would cause severe emotional distress," and 3) the defendant's conduct did in fact cause "severe emotional distress." *Dunn v. City of Elgin*, 347 F.3d 641, 651 (7th Cir. 2003)(quoting *Doe v. Calumet City*, 641 N.E.2d 498, 506 (Ill. 1994)). Fontalvo only asserts two isolated incidents where altercations occurred. The first consisted of

7

one sentence stated by Retondo that Fontalvo found objectionable. The second incident involved an argument about Fontalvo's paperwork. There is not sufficient evidence upon which a reasonable trier of fact could base a finding that Retondo acted in an extreme and outrageous manner. Neither is there sufficient evidence that a reasonable person would suffer severe emotional distress as a result of the incidents.

In addition, we note that the intentional infliction of emotional distress is preempted because it relies on conduct that is made unlawful under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* Illinois law prohibits Illinois courts from trying claims based on such conduct. *See* 775 ILCS 5/8-111(C); *Geise v. Phoenix Co. of Chicago, Inc.*, 639 N.E.2d 1273, 1276-78 (1994); *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 22-24 (1997). Finally, since we granted summary judgment for the Title VII claim, the intentional infliction of emotional distress claim, a state claim, is the only remaining claim in this suit. Fontalvo asserts in his amended complaint that he is a resident of Illinois and that the Fund is operated in Illinois and thus even if we did not grant summary judgment on the intentional infliction of emotional distress claim, there is no longer federal jurisdiction over this case at this juncture. *See Blau Plumbing, Inc. v. S.O.S. Fix-it, Inc.*, 781 F.2d 604, 612 (7th Cir. 1986)(indicating that "[s]tate law claims should not be retained for adjudication in federal court when the sole remaining basis for federal jurisdiction is the judge-made doctrine of pendent jurisdiction, unless there are pressing reasons for retention. . . ."). Therefore, we grant summary judgment on the intentional infliction of emotional distress claim.

8

## CONCLUSION

Based on the foregoing analysis we grant Defendant's motion for summary

judgment on all claims. We deny Fontalvo's motion to join additional defendants as moot.


Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 12, 2004